IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00047-RM-KAS

GABRIELLA DOCKERY, individually and as the personal representative of the Estate of Christopher Dockery, and
ESTATE OF CHRISTOPHER DOCKERY,

    Plaintiffs,

v.

BRIAN BUDD, in his individual capacity, and
BRETT RADIN, in his individual capacity,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the Court's **Order to Show Cause** [#144], issued on November 7, 2025, and the Court's **Order to Show Cause** [#141], issued on September 8, 2025. Plaintiffs, who both proceed as pro se litigants, failed to respond to the Orders to Show Cause [#141, #144]. Accordingly, and for the following reasons, the Court **MAKES ABSOLUTE** its Orders to Show Cause [#141, #144] and **RECOMMENDS** this case be dismissed pursuant to Fed. R. Civ. P. 41(b) due to Plaintiffs' failure to comply with Court orders.

## I. Background

On August 5, 2025, the Court issued a Minute Order [#140] granting the withdrawal of Plaintiffs' former counsel. *See Minute Order* [#140]. The Court acknowledged that, given the withdrawal, both Plaintiffs would be proceeding without representation. *Id.* at 2. As a result, the Court first ordered Plaintiff Gabriella Dockery to confirm her mailing

address, e-mail address, and telephone number by filing a Notice of Contact Information within seven days of the date of that Minute Order. *Id.* at 2. Additionally, the Court gave Plaintiff Estate of Christopher Dockery (the "Estate") 30 days from the date of the Minute Order [#140] for either (1) counsel to enter an appearance on its behalf, or (2) Plaintiff Gabriella Dockery to provide proof that she is the sole beneficiary of the Estate, and, if so, to state she will be representing the Estate pro se. *Id.* at 2-3. The Court did so pursuant to D.C.COLO.LAttyR 5(b), which prohibits the Estate, and any legal entity, from proceeding pro se.

Plaintiffs ultimately failed to comply with the Minute Order [#140]. As a result, the Court issued an Order to Show Cause on September 8, 2025. *Order to Show Cause* [#141]. Therein, the Court noted Plaintiff Gabriella Dockery's failure to file a Notice of Contact Information, in violation of the Court's prior Minute Order [#140]. *Id.* at 1-2. The Court further noted that the Estate violated the Court's prior Minute Order [#140] by failing to retain counsel, or, alternatively, by failing to provide proof that Plaintiff Gabriella Dockery is the sole beneficiary and intends to represent the Estate pro se. *Id.* at 2-3. The Court ordered both Plaintiffs to "show cause why the Court should not recommend that [their cases] be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's Minute Order [#140][.]" *Id*. The Court set a response deadline of September 22, 2025. *Id.* No responses were filed. The docket reflects that the Order to Show Cause [#141] was returned as undeliverable. *See Undelivered Mail* [#142].

On September 19, 2025, Defendants filed a Notice [#143] with the Court. In the Notice [#143], Defendants explained that Plaintiffs may be reachable at a different address. *See generally Notice* [#143]. In light of this new information, coupled with the

2

Order to Show Cause [#141] being returned as undelivered, the Court issued a second Order to Show Cause [#144], instructing the Clerk of Court to mail it to the new address provided by Defendants in the Notice [#143]. The Order to Show Cause [#144] reiterated much of the same content included in the prior Order to Show Cause [#141] and required Plaintiffs to respond no later than November 21, 2025. *See Order to Show Cause* [#144] at 3. The Court warned Plaintiffs that their failure to respond or otherwise comply with the Court's orders could result in the Court recommending dismissal of their case. *Id.* at 2-3. To date, Plaintiffs have not responded to the Orders to Show Cause [#141, 144] or otherwise complied with the Court's orders contained therein. Notably, the docket does not indicate that the Order to Show Cause [#144] was returned as undeliverable.

## II.  Legal Standard

**A.     Failure to Prosecute**

Fed. R. Civ. P. 41(b) provides in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subsection (b) . . . operates as an adjudication on the merits." Although Rule 41(b) expressly permits dismissal upon a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

**B.      The *Ehrenhaus* Factors**

Typically, the Court is inclined to recommend dismissal without prejudice because dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal quotation marks and citation omitted); *see also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding on issue of dismissal with prejudice for determination of willfulness). In some circumstances, however, dismissal without prejudice effectively serves as a dismissal with prejudice due to the statute of limitations. *See, e.g.*, *Faircloth v. Hickenlooper*, 758 F. App'x 659, 661 (10th Cir. 2018) (assuming without deciding that untimeliness meant that the district court's dismissal without prejudice "was the functional equivalent of a dismissal with prejudice" and proceeding to consider the *Ehrenhaus* factors).

In *Ehrenhaus*, 965 F.2d at 921, the Tenth Circuit Court of Appeals identified five factors for the district court to consider before choosing dismissal as a sanction: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *See also Gates Rubber Co. v. Bando Chem. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Plaintiffs' Complaint [#1] was filed

4

in 2023,[1] based on events that occurred in 2021. *See Complaint* [#1]. Plaintiffs bring suit under 42 U.S.C. § 1983, therefore because the applicable two-year statute of limitations would likely preclude future refiling of this lawsuit, the Court must analyze the *Ehrenhaus* factors. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (recognizing that the statute of limitations for a 41 U.S.C. § 1983 claim is two years).

### III.  Analysis

Regarding the first factor, i.e., the degree of actual prejudice to Defendants, the Court finds that Defendants have been significantly prejudiced by Plaintiffs' lack of participation in this case and their failure to comply with the Court's orders. Defendants have made numerous attempts to contact Plaintiffs to push this case forward and these efforts have proven futile. *See Defs.' Motion for Extension of Time to File Dispositive Motions* [#145] ("Motion") (identifying Defendants' unsuccessful efforts to move the case forward); *see also Email Correspondence* [#145-1] at 1 (reflecting Plaintiffs' overdue responses to Defendants' discovery requests); *Notice* [#143] (identifying difficulty serving written discovery requests on Plaintiff). The case cannot proceed without Plaintiffs' participation. Even if Plaintiffs' inactivity has not kept Defendants particularly busy to date, they are represented by counsel, who will incur additional fees as they try to move the case forward. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (recognizing prejudice in "delay and mounting attorney's fees"). This is especially true now that Defendants are contemplating drafting and filing a Rule 56 motion. *See Motion* [#145] at 4. Accordingly, the Court finds that this factor weighs in favor of dismissal.

---

[1] Plaintiffs' Fourth Amended Complaint [#89] is the operative complaint.

Regarding the second factor, i.e., the amount of interference with the judicial process, this case has come to a complete halt, with no apparent activity on the docket. Even if this case were not dismissed, it will likely not move forward due to Plaintiffs' continued inaction. "The justice system is clogged as new cases arise while old cases are still on the dockets." *United States v. Lutcher*, No. 4:20-cr-00022-DN-DBP, 2020 WL 6434790, at *2 (D. Utah Nov. 2, 2020). Accordingly, the Court finds that this factor weighs in favor of dismissal.

Regarding the third factor, i.e., the culpability of the litigant, there is no indication that anyone other than Plaintiffs are responsible for the current state of their lawsuit. Plaintiffs have flouted multiple court orders. For instance, Plaintiffs failed to comply with the Court's orders following the withdrawal of their counsel. *See Minute Order* [#140] (requiring Plaintiff Gabriella Dockery to update her contact information and further ordering the Estate to obtain counsel or file Gabriella Dockery's proof of beneficiary status and notice of her intention to represent the Estate). Furthermore, Plaintiffs failed to respond or otherwise comply with the orders outlined in the Court's Order to Show Cause [#141] (ordering plaintiffs to respond to the Order to Show Cause [#141], or, alternatively, comply with the Court's prior Order [#140] no later than September 22, 2025). Even assuming Plaintiffs did not receive the original Order to Show Cause [#141], they nonetheless failed to comply with the orders outlined in the second Order to Show Cause [#144]. Moreover, Defendants appear to have notified Plaintiff Gabriella Dockery that her case was at risk of dismissal if she failed to take certain action. *See Email Correspondence* [#145-1] at 1 ("You will see that [the September 8, 2025 court order] requires you to perform a number of actions to avoid having the case dismissed. . . . your

6

case is at risk of being dismissed"). Nevertheless, neither she nor the Estate has taken any action. Accordingly, the Court finds that this factor weighs in favor of dismissal.

Regarding the fourth factor, i.e., whether the Court warned that dismissal of the action would be a likely sanction for noncompliance, Plaintiffs have been warned on numerous occasions. *Orders to Show Cause* [#141 at 2; #144 at 3] (ordering Plaintiffs to show cause why the Court should not recommend dismissal and warning them that failure to do so may result in the Court dismissing the case); *Pro Se Letter* [#140-1], ¶¶ 13-14 (warning Plaintiff Gabriella Dockery that failure to follow court orders or failure to "participate in the ordinary events associated with being a party to a lawsuit" may result in dismissal); *see also Minute Order* [#140] (providing notice to Plaintiffs that failure to comply with court orders could result in sanctions, including dismissal). Although Plaintiff Gabriella Dockery is proceeding pro se, she is required to read and follow the rules and orders of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). The Estate, however, is not permitted to proceed pro se, but has nonetheless remained without representation since August 5, 2025. *See* D.C.COLO.LAttyR 5(b); *see also Minute Order* [#140] (granting withdrawal of counsel). Accordingly, the Court finds that this factor weighs in favor of dismissal.

Regarding the fifth and final factor, i.e., the efficacy of lesser sanctions, the Court concludes that no sanction less than dismissal would be effective. Plaintiffs have repeatedly failed to comply with Court orders, confer with opposing counsel, and have otherwise taken no action in this case. Accordingly, the Court finds that this factor weighs in favor of dismissal.

7

Having weighed all five *Ehrenhaus* factors, the Court makes absolute its Orders to Show Cause [#141, #144] and finds that dismissal without prejudice under Fed. R. Civ. P. 41(b) is appropriate. *See, e.g.*, *Landy v. Activus Digit., LLC*, No. 21-cv-00021-REB-KAS, 2023 WL 11903673, at *1 (D. Colo. Nov. 14, 2023) (adopting Magistrate Judge's Recommendation to dismiss the plaintiff's claims without prejudice for failure to prosecute case and failure to respond to show cause order); *Hamper v. Romero*, No. 19-cv-00373-CMA-NYW, 2020 WL 2079186, at *4 (D. Colo. Apr. 30, 2020) (adopting Magistrate Judge's Recommendation to dismiss plaintiff's claims without prejudice for failure to prosecute case and failure to respond to show cause order).

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Orders to Show Cause [#141, #144] are **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that Plaintiffs' claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and D.C.COLO.LCivR 41.1.

IT IS FURTHER **ORDERED** that Plaintiffs may file an objection **within 14 days** of service of this Recommendation. In relevant part, Federal Rule of Civil Procedure 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review

by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

IT IS FURTHER **ORDERED** that the Clerk of Court shall transmit this Recommendation to Plaintiffs **by email** at ortegonoffice@gmail.com and **by U.S. Mail** to **the following address**: 1937 2nd Street # 3, Greeley, CO 80631.

Dated: December 30, 2025   BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge