IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 23-cv-00047-RM-KAS

GABRIELLA DOCKERY, individually and as the personal representative of the Estate of Christopher Dockery, and
ESTATE OF CHRISTOPHER DOCKERY,

    Plaintiffs,

v.

BRIAN BUDD, and
BRETT RADIN,

    Defendants.

## ORDER

Before the Court is the Recommendation of United States Magistrate Judge Kathryn A. Starnella to dismiss this case for Plaintiffs' failure to comply with Court Orders. (ECF No. 147.) For the reasons below, the Court accepts and adopts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiffs brought this action three years ago following the killing of Christopher Dockery by officers of the Greeley Police Department on January 19, 2021, asserting claims for wrongful death, unreasonable and excessive force, conspiracy, fraudulent concealment of murder, and loss of consortium. (ECF No. 1.) In December 2024, the Court dismissed all but their Fourth Amendment claims against Defendants Budd and Radin. (ECF No. 122.)

In August 2025, the Court allowed Plaintiffs' counsel to withdraw and directed Plaintiffs to take appropriate steps for the case to proceed. (ECF No. 140.) In September 2025, the

magistrate judge noted that after thirty days Plaintiff Dockery still had not filed a Notice of Contact Information and that Plaintiff Estate of Christopher Dockery still had not obtained representation. (ECF No. 141 at 1-2.) This prompted the magistrate judge to issue an Order to Show Cause why she should not recommend dismissal of the case. (*Id.* at 2-3.)

In November 2025, the magistrate judge noted that the Order to Show Cause had been returned as undeliverable and that Plaintiffs had not responded. (ECF No. 144 at 1-2.) The magistrate judge then issued a second Order to Show Cause, setting a new deadline for Plaintiffs to respond, which was sent to the new address provided by Defendants. (*Id.* at 3; ECF No. 143.)

Because Plaintiffs failed to respond once more and the Court received no indication that the Second order was not delivered, the magistrate judge issued the Recommendation now before the Court, suggesting that the case be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with Court Orders. (ECF No. 147 at 1.) The Recommendation advised that written objections were due within fourteen days. (*Id.* at 8-9.) None has been filed.

"In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The Court discerns no clear error on the face of the record and concurs with the magistrate judge's determination that this case should now be dismissed in its entirety as it cannot proceed without Plaintiffs' participation. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Therefore, the Court ACCEPTS the Recommendation (ECF No. 147), all remaining claims remaining are DISMISSED WITHOUT PREJUDICE, and the Clerk is directed to CLOSE the case.

DATED this 16th day of January, 2026.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge

3